IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SEAN RALSTON | § | |
| v. | § | CIVIL ACTION NO. 6:11cv88 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Sean Ralston, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ralston was convicted of aggravated sexual assault of a child on May 28, 1999, receiving a sentence of 50 years in prison. His conviction was affirmed on April 18, 2000. He filed a motion for extension of time to seek discretionary review on December 23, 2002, but this motion was denied. Some eight years later, on December 16, 2010, he filed an application for state habeas corpus relief, which was denied without written order on January 12, 2011. He then signed his federal habeas petition on February 2, 2011.

The Magistrate Judge ordered Ralston to show cause why his petition should not be dismissed as barred by the statute of limitations, and Ralston filed a response and a supplemental response. After review of the pleadings, the Magistrate Judge issued a Report on May 12, 2011, recommending that the petition be dismissed as barred by limitations. Ralston filed objections to this Report on May 31, 2011.

1

In his objections, Ralston first discusses his motion for DNA testing, which he filed in February of 2003. As the Magistrate Judge stated, however, even if such a motion would normally toll the limitations period, Ralston's motion did not do so because it was filed long after the statute of limitations had expired.

Next, Ralston cites Rothgery v. Gillespie County, 554 U.S. 191, 128 S.Ct. 2578 (2008), but this is a civil rights case concerning when the right to counsel attaches, and has no bearing on his petition. Ralston appears to indicate that he was confined for seven and a half months without counsel, but fails to show that this circumstance is sufficient to overcome the limitations bar.

Ralston also cites Young v. Dretke, 356 F.3d 616 (5th Cir. 2004), in which the petitioner Michael Young was indicted in an untimely manner, but his attorney rendered ineffective assistance by failing to move for dismissal of the prosecution under the Texas laws then in effect, which required a dismissal of the prosecution with prejudice. This law was subsequently changed, and so the state court held that Young had not suffered prejudice. The federal district court denied relief on this basis, but the Fifth Circuit reversed, holding that if Young had been provided with effective counsel, he would never have been prosecuted, convicted, or sentenced. Young did not involve the statute of limitations, and Ralston fails to show that his indictment was untimely or that such a claim would not be barred by limitations in any event. Hence, the Fifth Circuit's decision in Young affords Ralston no basis for relief.

Next, Ralston states that he has "newly discovered evidence," apparently showing that the alleged victims falsely accused other persons of sexual assault (although he concedes that one of the other persons who received criminal charges based on these accusations was convicted as well). He offers no facts in support of his claim. Furthermore, Ralston pleaded guilty to the sexual assault charges forming the basis of the present claim, and makes no showing that had he known of the alleged victims' other accusations, he would not have done so. This contention offers no basis for legal or equitable tolling of the statute of limitations, and so this objection is without merit.

Next, Ralston contends that he has mental disabilities due to an injury suffered in April of 1995. He refers to a lawsuit which he filed in 2006 complaining of genital warts, in which his motion for appointment of counsel refers to these injuries. These alleged mental disabilities have not prevented Ralston from seeking DNA testing in 2003, filing a civil rights lawsuit in 2006, seeking state habeas corpus relief, or filing two federal habeas corpus petitions. He has not shown that these alleged disabilities afford any basis for tolling of the limitations period.

Ralston goes on to discuss at length the proceedings held on his motion for DNA testing, and poses 48 questions which he wants the Court to answer. As noted above, the limitations period had long since expired by the time Ralston filed his motion for DNA testing, and so this motion cannot extend an expired limitations period.

In addition, any irregularities which may have occurred in the course of proceedings on Ralston's motion for DNA testing, which proceedings are collateral to his conviction, do not afford a basis for federal habeas corpus relief in any event. *See* Hutson v. Quarterman, 508 F.3d 236, 237 (5th Cir. 2007) (DNA testing is considered "other collateral review"); Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (errors in state collateral proceedings do not in and of themselves entitle the petitioner to federal habeas corpus relief). The Court cannot provide legal advice or advisory opinions and thus cannot answer his questions. Ralston's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as barred by the statute of limitations. It is further

ORDERED that the Petitioner Sean Ralston is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 14th day of June, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**