IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SEAN RALSTON | § | |
| v. | § | CIVIL ACTION NO. 6:11cv88 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT

The Petitioner Sean Ralston, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ralston was convicted in 1999 of aggravated sexual assault of a child, for which he received 50 years in prison. His conviction was affirmed on direct appeal on April 18, 2000, and on December 23, 2002, he filed a motion for extension of time to seek discretionary review, which motion was denied that same day. Eight years later, on December 16, 2010, Ralston filed a state habeas corpus application, which was denied without written order on January 12, 2011. He signed his federal habeas petition on February 2, 2011.

After review of the pleadings, the Magistrate Judge ordered Ralston to show cause why his petition should not be barred by the statute of limitations. Ralston responded to this order, and on May 5, 2011, the Magistrate Judge issued a Report recommending that the petition be dismissed as barred by the statute of limitations. This Report was adopted, over Ralston's objections, and the

1

petition was dismissed on June 14, 2011. Ralston has sought and been granted an extension of time in which to appeal, and the notice of appeal filed on July 29, 2011, has been deemed timely.

On August 12, 2011, Ralston filed a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. While the majority of this motion is devoted to arguing the merits of Ralston's claims, he does address the limitations issue. Ralston argues that: district courts cannot dismiss petitions *sua sponte* as barred by limitations; the limitations defense is not jurisdictional; he presented "over 48 clear and convincing constitutional violations" and so it was error to dismiss his case; he wants a jury trial on his habeas petition; the dismissal of the petition was unethical and an abuse of discretion; and any limitations period which deprives a person of freedom when that person has clearly shown a violation of his constitutional rights is itself unconstitutional.

On October 6, 2011, the Magistrate Judge issued a Report recommending that the motion for relief from judgment be denied. The Magistrate Judge examined each of the claims raised by Ralston and concluded that these were without merit. Ralston filed objections to the Magistrate Judge's Report on October 14, 2011, and then again on November 2, 2011.

In his October 14 objections, Ralston says that he does not understand why the Magistrate Judge issued a Report in his case after the district court determined that his notice of appeal was timely. Ralston's motion for relief from judgment under Rule 60(b) was filed in the district court after his notice of appeal. The Fifth Circuit has held that the district courts have authority to act in aid of the appellate court's jurisdiction by denying a Rule 60(b) motion which is pending during an appeal. Brown v. United Ins. Co. of America, 807 F.2d 1239, 1241-42 and n.1 (5th Cir. 1987); *see also* Rutherford v. Harris County, Texas, 197 F.3d 173, 190 (5th Cir. 1999). Hence, the Magistrate Judge did not act outside of the jurisdiction of the district court in recommending that Ralston's Rule 60(b) motion be denied.

In his November 2 objections, Ralston again argues that the district court cannot *sua sponte* dismiss a petition as time-barred. He also asserts that he has presented "over 48 clear and convincing constitutional violations," that he was held for seven and a half months without counsel, false

2

evidence was presented to the grand jury, counsel was ineffective, the Governor of Texas assured him that he would not be extradited after his arrest in Nevada on a fugitive warrant, he was in prison for over three years before he could get any records, the Magistrate Judge's Report concerned a motion which had been sent to the district judge complaining about the Magistrate Judge's actions, and the prosecutors concealed evidence.

None of Ralston's contentions show any basis for rejecting the Report of the Magistrate Judge. In that Report, the Magistrate Judge correctly determined that according to the Supreme Court, district courts are permitted, although not obligated, to consider the timeliness of a habeas petition *sua sponte*. Day v. McDonough, 547 U.S. 198, 209-10 (2006). The Magistrate Judge also properly stated that there is no right to a jury trial in habeas proceedings, that Ralston had failed to show that dismissal of his petition was unethical or an abuse of discretion, or that the statute of limitations was unconstitutional. Ralston's claims concerning the delay in receipt of his state court records has previously been addressed and shows no basis for relief from judgment under Rule 60(b). His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion for relief from judgment, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 25) is ADOPTED as the opinion of the district court. It is further

ORDERED that the Petitioner's motion for relief from judgment pursuant to Rule 60(b) (docket no. 22) is DENIED.

**So ORDERED and SIGNED this 5th day of December, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**